PER CURIAM.
Juan Jimenez appeals an order summarily denying his motion for postcoviction relief under Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
Defendant-appellant Jimenez contends that his trial counsel was ineffective for failing to call as a witness at trial code-fendant Antonio Ulloa, who gave an affidavit saying that defendant Jimenez had no involvement in the drug transaction for which he was tried. The State argues that defense counsel simply made a tactical decision not to call Ulloa, because there is a tape recording which would impeach Ulloa. Defendant counters that the English-language paraphrase of the tape, which is contained in a police report, is not an accurate summary of the Spanish-language conversation, and that there is no inconsistency between the Ulloa exculpatory affidavit and the Spanish-language tape recording. There is no English-language transcription of the tape in the record now before us.
*826 Under our standard of review, “Unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing.” Fla. R.App. P. 9.140(i). As we are unable to say that the record conclusively refutes the defendant’s claim, we reverse the order now before us and remand for an evidentiary hearing on this issue.
Defendant concedes that the trial court was correct in rejecting his argument that counsel should have filed a motion to suppress certain evidence. We therefore affirm the trial court ruling on that issue.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.