PER CURIAM.
Juan A. Jimenez appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, after an evidentiary hearing. We affirm.
On remand from Jimenez v. State, 754 So.2d 825 (Fla. 3d DCA 2000), the trial court conducted an evidentiary hearing regarding the claim by defendant-appellant Jimenez that his trial counsel was ineffective for failing to call codefendant Antonio Ulloa to testify on defendant’s behalf at trial.[1] After taking evidence the trial court concluded “that the decision not to call Ulloa as a witness was a tactical decision based upon a careful analysis [by defense counsel] of his expected testimony. This Court also concludes that even if Ul-loa had been called, there is not a substantial probability that the Defendant would have been acquitted.” These determinations by the trial court are amply supported by the evidence.
The defendant contends that his trial counsel was laboring under a personal conflict of interest. Responding to a message from Ulloa, defendant’s trial counsel met with Ulloa without the knowledge of Ul-loa’s own counsel, at a time when charges were pending against Ulloa. When Ulloa’s counsel learned of this, he filed a Bar complaint against defendant’s trial counsel. Defendant argues that his trial counsel had a conflict of interest and failed to call Ulloa as a witness because of concern about the pending Bar complaint.
The trial court rejected this argument because it was not raised in the Rule 3.850 motion, and was beyond the scope of this court’s remand, which was for the purpose of considering the defendant’s claim that trial counsel was ineffective. 754 So.2d at 825-26. The defendant admitted, and the court found, that trial counsel had informed defendant about the Bar complaint during the trial phase of the proceedings. Defendant raised no claim of conflict of interest at that time, or in the Rule 3.850 motion.
Affirmed.

. By the time defendant’s case was tried, Ul-loa had already been sentenced pursuant to a plea bargain.